This is United States v. Bryant. Ms. Harrell, you're with the Public Defender's Office. I am. Good to have you here. Thank you. Good morning. And may it please the Court, my name is Emily Harrell. I represent Terron Bryant in this matter. The District Court erred in this case in basing its order of dismissal on the presumption that Mr. Bryant had been charged with and convicted of robbery in this case, postal robbery, but he wasn't. He was charged with assault with intent to rob and the enhanced penalty. As some very good advice I received yesterday at the appellate seminar might suggest, I might suggest to you that the simplest thing for you to do would be to vacate the District Court's order and remand it to the District Court to re-evaluate Mr. Bryant's 2255 under the correct standard because the residual clause is now gone from 924C and it's the assault with intent to rob versus the robbery offense. But as it's a legal question, you likely can decide that just as easily yourself. Why doesn't the assault with intent to rob still qualify as a crime of violence under the force clause? Because the assault itself can be accomplished by a mere battery. Assault is not defined in the code and so you look to the common law. Under the common law, you can accomplish an assault via a battery. The question then becomes whether with the intent to rob, steal, or purloin somehow elevates that into a crime of violence and the answer is no because the phrase rob, steal, or purloin is indivisible and steal and purloin cover a broader range of conduct than would be covered under robbery. You can steal by just taking. I think this is a very interesting question, this question about rob, steal, or purloin. This statute's been around since 1792, I believe. Correct. And I wonder, I've looked for cases about stealing or purloining versus robbing. There's not a lot out there, but the courts seem, in talking about the history of this statute, the Supreme Court, Garcia, D.C. Circuit and Spheres, our court in Costner, we've talked about it as an attempted robbery with an assault or assault with attempt to rob and even before this extra language of attempt was added in 1994. So I'm curious what your thoughts on whether assault is a version of attempted robbery or if we really can say steal and purloin mean very different things than rob and the Congress meant that when they wrote that in 18-whatever,  I think if you equate assault with an attempt to rob, you conflate the two and you read the assault portion of the statute completely out of the statute. Can I ask you about the second, the aggravated factors after the semicolon  and that language was in the statute before 1994, so before the rob or attempt to rob, before attempt to rob was added. Right. So affecting or attempting to affect referred to assault with intent to rob or robbing, right? So I'm wondering what that attempt language was doing before 1994 in the aggravating factors. I don't know the answer to your question. My position would be that because the word assault does not appear after the semicolon, it can't go to equating the assault with intent to rob and an attempted robbery. But I understand that the reading of the statute may lend itself to a different interpretation. It's tricky, right? When they add the general attempt language in 1994, it would lead you to read it one way, but knowing that affecting or attempting to affect was in there before 1994 might lead you to read it another way when we have assault with intent to rob or rob. Well, I would again argue that if they meant to apply even that attempting to affect the robbery, if they meant to apply that to assault with intent to rob, that the assault language would have been beyond the semicolon. So that would be my position on that. That the semicolon is the big thing here. It is because – Everybody agrees it's a divisible statute, I think. Well, it's divisible. But you don't know how – everybody disagrees as to how many times it's divisible. Correct, correct. It's divisible at least twice. Is it divisible at least twice? Before and after the semicolon. Yes. And there is at least one district court in the Ninth Circuit that has found that it's divisible into at least four parts. That case is currently on appeal in the Fourth Circuit. Are you familiar with the Knight case in the Sixth Circuit? I'm sorry? The Knight case. The problem with the Knight case, Your Honor – You are familiar with it in the Sixth Circuit? Yes. Yeah. Mr. Booth was kind enough to cite it. Why is that on point? I mean, it's the Sixth Circuit. It's not precedent for us, but why is it on point? The problem is that in that case, Mr. Knight was indicted for assault and robbery. And so there's no actual discussion of the issue we have here, which was Mr. Bryant was indicted for assault with intent to rob. And there also is no discussion of the common law meeting of assault being completed by a battery. So I think it doesn't really apply in this case. It's useful for the government, but not directly. Did Mr. Bryant ever try to withdraw his plea, since he pled guilty to assault with intent to rob and putting life in jeopardy? He pled guilty to the aggravating version of the divisible crime. Did he ever try to withdraw that? He did not, Your Honor. The position that I took this case on was, of course, at the 2255 stage. And so in looking at the crime for which he was convicted and the application of Johnson and Davis and everything, it became sort of a legal event. But, no, he did not attempt to withdraw his plea. Are we using the modified categorical approach or the categorical approach? Well, you only use the modified categorical approach to determine. Obviously, it's divisible at the semicolon. And I think the government would agree, as they did in their brief, that the first part of the – before the semicolon, under the 10-year penalty, you have assault with intent to rob, robbery, or attempted robbery. And so those are three different offenses. My position is, is that assault with intent to rob is not the whole phrase. It's assault with intent to rob, steal, or purloin. And that phrase is indivisible and covers a broader – just went blank – a broader scope of activity because you can purloin by breach of trust and you can steal by simply larceny. So in that regard, I would argue that that is indivisible because those are various means of accomplishing the assault. Would you agree if we do think the aggravating version of the offense, that life in jeopardy, can apply to the assault with intent to rob, steal, or purloin, that the addition of that life in jeopardy causes this to become – So my argument would be that the answer would be no because this court has held in Sturgis in a case in 1995 that was – Judge Wilkinson wrote that opinion – and it was an inmate who was HIV positive and he spit and bit the guard. And so his teeth and saliva became a dangerous weapon. And so my position would be if I were to batter someone by spitting on them and being HIV positive, that that should not qualify to bring this within the scope of a crime of violence. And there would be more than a theoretical possibility that that sort of thing would be covered, and so therefore it would be overbroad and would not qualify. That would be my position. A theft with spitting. Yes. Gotcha. But if I have HIV – Right, right. You know – Life in jeopardy. Right. Dangerous weapon. Right. Because this court has held that the teeth and saliva of an HIV positive inmate is a dangerous weapon. So I don't think I have anything else at this point. So unless you have other questions, I'll be glad to sit down and reserve my time. Thank you. Thank you. Thank you, Ms. Harrell. Mr. Booth? Good to have you here, Mr. Booth. Thank you very much, Judge King. May it please the court, that the crime of life in jeopardy assault with a dangerous weapon in violation of Section 2114A is a crime of violence under the Elements Clause of 924C3A? No, the Elements Clause is also known as the Force Clause. That is correct. It's used interchangeably. Right. I just want to make sure we understand that. Judge Rushing, you raise a very interesting point, and I want to address the questions and the concerns that I think that you had. You mentioned the genesis of this statute, and you also mentioned that Justice Stevens referred to the history of it in Garcinio. You also mentioned Spears, which I didn't cite to my brief, but you've obviously read. Here's why we think that the assault with intent to rob and steal with a dangerous weapon is that particular crime, that there is no just an assault crime, and that the life in jeopardy only applies to the robbery. To point out in Justice Stevens' opinion, the robbery and attempted robbery offenses began in around 1792 or 1799. And then what happened was Congress, for the first time in around 1810, and again these are in footnotes 5 to 10 of the Stevens' opinion, added a specific assault with a dangerous weapon offense in the mail robbery context. And at various times from 1850 to 1872, they went back into one statute or then into two statutes. And then finally in 1909, as part of the general revision of the Federal Criminal Code, Congress put all of these statutes together. It was essentially the framework that we see today, although as you correctly point out, there's been some changes made. Now, the effect of that is to put the assault crimes and the robbery offenses together. And remember that the earlier assault crimes was assault by wounding or using a dangerous weapon. The rule of construction, and this is in footnote 38 of Spears, is that when Congress consolidates or revises a statute, the intent is continuity, not to make any substantive changes in the law, absent compelling evidence to the contrary. And what kind of crime did we have in the federal courts by federal statute before 1909? We had assault with a dangerous weapon. At that point, it was defined as an attempt to rob. And I believe the footnotes are 6 and 8 in the Stevens' opinion and throughout the decision in Spears. So our position is Congress had assault with a dangerous weapon in the books before 1909. They combined all the mail robbery statutes together. And so now you have a statute. Yes, it's defined in terms of semicolon. And yes, the term assault with intent to rob doesn't appear after the semicolon. But as Judge Rushing pointed out, in prior versions of the statute, affecting such robbery meant included assault with a dangerous weapon. So it's our position that when you look at the statute as a whole, and you look at the 1909 code, it's very clear that assault with a dangerous weapon is a specific independent offense under that statute. And, I mean, charging assault with a dangerous weapon or with wounding has been used frequently. It's used in the Garcia case. It's used in the Watt case, which is the one specific case in which a court of appeals has held that assault with a dangerous weapon under 2114 satisfies the Elements Clause. Since the court seems to agree, nobody seems to dispute that this is a divisible offense, I will stand on my brief with respect to that point. And I would like to add that the assault is divisible. How many ways? I'm sorry? How many ways is it divisible? Do you have a position on that? Well, it's certainly the court. At least two. At least two, and that's all we need for this particular case. I know Judge Rushing had a point about whether or not assault with intent to rob, steal, or poor-loin would meet the Elements Clause under other circumstances. We didn't take a position on that in the brief because, in this case, the defendant was charged with aggravated assault. It is a difficult question. The Seventh Circuit thought that it was a difficult question. My tentative answer would be that since it's close to attempted robbery, and as an attempted robbery would meet the attempted use of force clause, it would. But you don't have to address that because the only thing that the defendant was charged in this case was the aggravated assault. And we believe that an assault with a dangerous weapon that results in placing a person's life in jeopardy meets the physical clause element is because any number of courts of appeals have held that where you have an assault that's accompanied by the use of a dangerous weapon, that that easily satisfies the physical force requirement of either the ACCA or a crime of violence under 924C3A. And that's all the time I have. I'll be glad to answer any questions that you have. Thank you very much. Thank you, Mr. Booth. Ms. Harrell? I would just say a couple of things in response. The first is regarding the Watt case that Mr. Booth cited. The Eleventh Circuit in that case did not apply the categorical approach. It was a review of whether Mr. Watt should be able to file a subsequent 2255. And this was before DiMaia and Davis. They did not apply a categorical analysis of his offense to determine whether it was a crime of violence. And they simply say that it satisfies the elements clause without any analysis that would be required. And there was something else that Mr. Booth said that I wrote down the words categorical approach, and I cannot remember what it was he was saying. And I had a good point, and now I can't remember it. So with that, Your Honor, I appreciate the time, and I thank you very much. Thank you very much. Thank you. Appreciate it, Ms. Harrell. We'll come down and re-counsel and then take a short break.
judges: Robert B. King, Henry F. Floyd, Allison J. Rushing